

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-01031-CV

**IN THE INTEREST OF S.C.A., K.N.G.B., CHILDREN**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-00890
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: May 15, 2024

AFFIRMED

After a trial on the merits, the trial court appointed K.N.G.B.'s[1] maternal Grandmother as his managing conservator and his Father as possessory conservator. In one appellate issue, Father challenges the trial court's possession and access order—which deviates from the Texas Family Code's standard possession order. Father does not challenge the portion of the order appointing Grandmother as the child's managing conservator. We affirm.

---

[1] To protect the privacy of the minor child, we use initials to refer to the child; we refer to their biological parents as Mother and Father and the maternal grandmother as Grandmother. TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2). K.N.G.B.'s sibling, S.C.A., is a minor child in the underlying case; however, K.N.G.B. is the only child subject to this appeal.

## BACKGROUND

In 2021, the Texas Department of Family and Protective Services (the "Department") received a report for allegations of dangerous environment, drug use, and excessive alcohol use by Mother. In 2022, K.N.G.B. (born 2016) was placed in the Department's care, the Department placed K.N.G.B. with Grandmother, and a family service plan was generated for Mother and Father. Father's service plan required him to: demonstrate he could provide a safe and stable environment, housing, and employment; participate in parenting classes, a substance abuse assessment, and counseling; and undergo a psychosocial evaluation. Of these requirements, Father completed only his parenting classes and individual counseling.

A bench trial was held on November 14, 2023. Grandmother, Mother, and Father's counsel were present—but Father was not. At the beginning of trial, Father's counsel noted on the record that Father had no issue with K.N.G.B. remaining with Grandmother.

For its case, the Department called K.N.G.B.'s conservatorship worker, Lucy Releford. Releford testified that Father's current exercise of possession and access included weekly calls to K.N.G.B. and an annual visit on K.N.G.B.'s birthday. Releford further testified that Father viewed Grandmother as K.N.G.B.'s primary caretaker, and Father expressed to her that prior to the case, Grandmother facilitated all communication between K.N.G.B. and Father. Releford opined it was in the best interest of K.N.G.B. to remain with Grandmother. Although K.N.G.B. had been placed with Grandmother on June 3, 2022, he had actually lived with Grandmother "since birth", Grandmother provided a loving and caring home, and Grandmother had been meeting all his needs. Additionally, Releford attested she had reviewed emails between Father and Father's attorney evidencing Father's desire to have Grandmother appointed managing conservator of K.N.G.B.

Addressing possession and access, Releford stated it was in the best interest of K.N.G.B. for Father's possession and access to deviate from the standard possession order because, from her

understanding, Father did not have time to visit K.N.G.B., did not consistently call K.N.G.B., and did not live in the same city as Grandmother. Releford additionally testified that Grandmother should supervise visitations between Father and K.N.G.B. On cross-examination, Releford confirmed that there were no allegations made against Father for removal and that Father had tried to engage in services in Austin while maintaining employment.

At the conclusion of trial, the trial court appointed Grandmother as K.N.G.B.'s managing conservator and Father as possessory conservator. The trial court's final order found, among other things, that it was in the best interest of K.N.G.B. for Father's possession and access to deviate from the standard possession order, and that Father shall have possession and access of K.N.G.B. as agreed to by Grandmother and Father.

On appeal, Father argues the evidence at trial was legally and factually insufficient to limit his possession and access as possessory conservator of K.N.G.B. Father asserts that the trial court abused its discretion when it failed to implement the Texas Family Code's standard possession order. Father does not contest the portion of the trial court's order appointing Grandmother as K.N.G.B.'s managing conservator.

## POSSESSORY CONSERVATOR POSSESSION AND ACCESS

### Standard of Review

"When determining the issues of conservatorship, possession, and access to a child, a trial court shall put the child's best interest first." *In re S.D., Jr.*, No. 02-14-00171-CV, 2014 WL 6493783, at *12 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.); TEX. FAM. CODE § 153.002. "[B]ecause the trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot be discerned by merely reading the record, the trial court has broad discretion in determining what is in the child's best interest." *Roberts v. Roberts*, 402 S.W.3d 833, 841 (Tex. App.—San Antonio 2013,

no pet.) (internal quotations omitted). A trial court's determination of possession and access will be reversed only when an abuse of discretion is shown. *Id.* "Under an abuse-of-discretion standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error but instead are factors used to determine whether the trial court abused its discretion." *A. S. v. Tex. Dep't of Fam. & Protective Servs.*, 665 S.W.3d 786, 795 (Tex. App.—Austin 2023, no pet.). In this vein, our review "considers whether the trial court had sufficient information on which to exercise its discretion and, if so, whether the trial court erred in its application of discretion." *Id*. "Evidence is legally sufficient when it would enable reasonable and fair-minded people to reach the verdict under review and is factually insufficient only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id*.

*Applicable Law*

When, as here, a trial court appoints a parent as a possessory conservator, there is a rebuttable presumption that the standard possession order provides (1) reasonable minimum possession and access between the parent and child and (2) is in the best interest of the child. TEX. FAM. CODE § 153.252(1), (2); *see also id.* §§ 153.312, 153.313 (detailing the standard possession orders for a possessory conservator). However, if a trial court determines the standard possession order is not in the best interest of the child—and thereby decides to deviate from the statutory scheme—the trial court "shall be guided by the guidelines established by the standard possession order and may consider: (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor." *Id*. § 153.256(1)–(3); *see also id*. § 153.253 ("The court shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order if the work schedule or other special

circumstances of the managing conservator, the possessory conservator, or the child, or the year-round school schedule of the child, make the standard order unworkable or inappropriate.").

Although a trial court enjoys broad discretion in fashioning a possession order deviating from the statutory norm when appropriate, "the terms of an order that deviate[] from the standard possession order—that is, an order that 'denies possession of a child to a parent or imposes restrictions or limitations on a parent's right to possession of or access to a child'—'may not exceed those that are required to protect the best interest of the child.'" *In re J.J.R.S.*, 627 S.W.3d 211, 218–19 (Tex. 2021) (quoting TEX. FAM. CODE § 153.193); *In re N.P.M.*, 509 S.W.3d 560, 564 (Tex. App.—El Paso 2016, no pet.); *e.g., Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518, at *2 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.) ("A parent appointed possessory conservator should at least have periodic visiting privileges with their child and should not be denied such, except in extreme circumstances.").

*Analysis*

Because Father does not challenge the trial court's determination of conservatorship, the dispositive question is whether the trial court abused its discretion by finding it was in the best interest of K.N.G.B. for Father's possession and access to deviate from the standard possession order.[2] We hold the trial court acted within its discretion in fashioning its order in this case.

The trial court found that deviating from the standard possession order was in the best interest of K.N.G.B. "due to the reasons that led to the removal of [K.N.G.B.] and that those reasons were not fully mitigated." The trial court could have considered the relationship between K.N.G.B. and Grandmother, Father's limited exercise of his possession and access prior to—and

---

[2] The Department initially argues Father waived his appellate arguments because Father failed to adequately cite to the record and authorities in his brief. TEX. R. APP. P. 38.1(i). At the same time, however, the Department distinguishes authority cited by Father in his appellant's brief. Liberally construing Father's briefing, we reject the Department's waiver argument. *In re I.L.*, 580 S.W.3d 227, 242 (Tex. App.—San Antonio 2019, pet. dism'd).

during the duration of—the underlying case, and that Grandmother had always facilitated the communication and visitation between Father and K.N.G.B. *See* TEX. FAM. CODE § 153.256(1)– (3); *In re T.J.S.*, 71 S.W.3d 452, 459–60 (Tex. App.—Waco 2002, pet. denied) (holding trial court did not abuse its discretion in deviating from the standard possession order given child's age, absence of father in child's life, and father's work and school schedule); *see also Davis v. Davis*, No. 13-01-707-CV, 2003 WL 21355239, at *5 (Tex. App.—Corpus Christi–Edinburg June 12, 2003, no pet.) (mem. op.) (holding trial court did not abuse its discretion in deviating from standard possession order, and the trial court could consider "the acrimony between the parties and hold that it was in the best interest of the child to reduce the number of contacts required between the parents during exchanges of possession."). Additionally, the trial court could have considered the evidence presented at trial of Father's inability to substantially complete his services.

Finally, we recognize that the trial court did not foreclose Father's possession and access to K.G.N.B., but instead ordered that the communication and supervision with Grandmother continue in order to exercise his possession and access. On this record, we cannot say the trial court abused its discretion in rendering a possession and access order that deviated from the statutory standard possession order. We overrule Father's sole issue on appeal.

## CONCLUSION

We affirm the trial court's order.

Lori I. Valenzuela, Justice